IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN LOTULEILEI, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:23-CV-1980-L (BK) |
| § | |
| SPINNAKER INSURANCE COMPANY § | |
| AND BRIDGETT SCOTT, § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 17, *Plaintiff's Motion to Remand*, Doc. 7, is before the undersigned United States magistrate judge for findings and a recommended disposition. For the reasons below, the motion should be **DENIED**.

## I. BACKGROUND[1]

This case stems from a disputed insurance claim. In March 2022, Plaintiff made a $98,464.74 claim under his homeowners' policy issued by Defendant Spinnaker Insurance Company ("Spinnaker") for water damage to his home caused by a plumbing leak. Doc. 1-1 at 7. Spinnaker assigned Defendant Bridgett Scott to investigate the claim. Doc. 1-1 at 7. Scott ultimately closed the claim without reasonably investigating "all [of the property's] covered damages," constituting an "unfair or deceptive claim settlement practice with respect to an insurance claim." Doc. 1-1 at 7. Likewise,

---

[1] The factual background is taken directly from the allegations in the Complaint, which, for purposes of the instant motion, are presumed true.

unspecified adjusters assigned to the claim "construct[ed] a pretextual basis for underpayment of [the] claim." Doc. 1-1 at 7. Further, Spinnaker improperly deducted or withheld the prospective contractor's overhead and profit, as well as sales tax on building materials, as it does "on every claim." Doc. 1-1 at 8.

In turn, Plaintiff sued Spinnaker and Scott in state court, asserting four claims: (1) breach of contract; (2) unfair or deceptive acts or trade practices under Section 541 of the Texas Insurance Code; (3) breach of the duty of good faith and fair dealing; and (4) breach of the Prompt Payment of Claims Act.[2] Doc. 1-1 at 8-16. After Spinnaker was served but before Scott was served, Spinnaker removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332, contending that it is an Illinois citizen, Plaintiff is a Texas citizen, and that Scott, also a Texas citizen, is improperly joined. Doc. 1, *passim*.

Plaintiff now moves to remand the case to state court. Doc. 7, *passim*.

## II. PARTIES' ARGUMENTS

Plaintiff argues that Scott is properly joined, so complete diversity among the parties does not exist. Doc. 7 at 3. Plaintiff cites three paragraphs from his petition to support "at least a possibility of recovery against Scott":

> Scott partially denied then closed the claim absent conducting a reasonable investigation into all the covered damages to the property which constitutes an unfair or deceptive claim settlement practice with respect to an insurance claim.
>
> \* \* \*
>
> When adjuster Scott denied the claims, Defendant breached the loss settlement clause in the policy. The proof of loss and EUO conditions were waived because it was never requested before the claim was denied. To date,

---

[2] *Plaintiff's Original Petition*, Doc. 1-1, does not differentiate the claims against Spinnaker and Scott.

2

> Plaintiff has not received all benefits he is entitled to when the policy required payment within 60 days after notice of the claim.
>
> * * *
>
> Defendants Spinnaker and Scott refused to meet Plaintiff's general contractor at the property to reconcile the differences in the estimates, failed to acknowledge with reasonable promptness pertinent communications with respect to the claim, and failed to respond promptly to a request by Plaintiff for personal contact about or review of the claim.

Doc. 7 at 4-5 (quoting Doc. 1-1 at 7, 9-10, 13).

Spinnaker responds that these allegations constitute "boilerplate recitations of the Texas Insurance Code or allegations regarding the acts or omissions of Scott in her capacity as an agent for Spinnaker," which, absent specific factual allegations, are insufficient under the federal pleading standard. Doc. 12 at 4-8. And even if Scott were properly joined, Spinnaker properly removed the case under "snap removal."[3] Doc. 12 at 8-10.

Plaintiff has not replied, and his time to do so has expired. *See* N.D. TEX. L. CIV. R. 7.1(f) (establishing a 14-day deadline from the filing of a response for a reply brief). Accordingly, the motion is ripe for disposition.

## III. APPLICABLE LAW

*A. Removal and Remand*

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A defendant seeking to remove a case to federal court must show a basis for federal jurisdiction and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

---

[3] Given the Court's conclusion that Scott was improperly joined, it does not reach Spinnaker's "snap removal" argument.

However, a removed case must be remanded "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Doubts concerning removal are resolved in favor of remand. *Manguno*, 276 F.3d at 723 (citation omitted).

### *B. Subject Matter Jurisdiction and Improper Joinder*

A defendant may only remove a state court action if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). As pertinent here, a federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and all parties are completely diverse. 28 U.S.C. § 1332. Complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal brackets and citation omitted).

The improper joinder doctrine represents a "narrow" exception to the complete diversity requirement. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citation omitted). When invoked, "the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). The removing party's burden is "a heavy one." *Id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

When the removing party asserts the plaintiff's inability to establish a claim against the non-diverse party, the court examines "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state

4

defendant," specifically, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citation omitted). The existence of even one valid cause of action against an in-state defendant requires remand. *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

This inquiry follows "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (citing *Smallwood*, 385 F.3d at 573). The "Rule 12(b)(6)-type analysis . . . is used to resolve the issue of jurisdiction, not merits." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016).

*C. Rule 12(b)(6)*

Under Rule 12(b)(6), the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). Survival of a Rule 12(b)(6) inquiry thus requires a plaintiff's complaint to contain sufficient factual matter to facially state a plausible—not speculative—claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Put differently, the court must be able to reasonably infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). But "a formulaic recitation of the elements of a cause of action will not do," and factual allegations must accompany legal conclusions. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555 (citation omitted).

5

## IV. ANALYSIS

Because Spinnaker does not assert actual fraud in the pleading of the jurisdictional facts, to defeat remand, it must establish no reasonable possibility that Plaintiff can recover from Scott based on the petition's well-pleaded allegations. *See Cuevas*, 648 F.3d at 249. Upon review of the claims alleged in the petition, the Court finds Spinnaker has met that burden.

*A. Breach of Contract*

Plaintiff highlights a paragraph from his breach of contract claim as the basis for Scott's liability for the same:

> When adjuster Scott denied the claims, Defendant breached the loss settlement clause in the policy . . . To date, Plaintiff has not received all benefits he is entitled to when the policy required payment within 60 days after notice of the claim.

Doc. 7 at 5 (quoting Doc. 1-1 at 9-10). To prove this claim, Plaintiff must plead facts showing: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *See Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.-San Antonio 2002, no pet.).

While Plaintiff does not explicitly allege which of the Defendants is liable under each cause of action, the petition reflects that Plaintiff only contracted with Spinnaker. Indeed, the only contract referenced is the insurance policy, as Plaintiff alleges, *inter alia*:

> Plaintiff bargained for the right to make an honest claim under the policy and to receive compensation with a minimum of inconvenience. However, Defendant Spinnaker systematically compels policyholders to initiate suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them. . . . Plaintiff is the named insured in Spinnaker Policy No. HTX- 4320134-01[.]

Doc. 1-1 at 6-7.

Under Plaintiff's factual allegations, Scott's conduct in denying Plaintiff's insurance claim is relevant to this cause of action only in as much as it informs whether Spinnaker breached the contract. Plaintiff's well-pled facts offer no reasonable basis that would allow the Court to predict that Scott entered into, let alone breached, any contract with Plaintiff. See *Smallwood*, 385 F.3d at 573.

### B. Unfair or Deceptive Acts or Trade Practices

Plaintiff further points to two paragraphs in his deceptive trade practices claim that he argues plead Scott's liability. Plaintiff first alleges in conclusory fashion that Scott failed to conduct a reasonable investigation into the claim, stating, "Scott partially denied then closed the claim absent conducting a reasonable investigation into all the covered damages to the property which constitutes an unfair or deceptive claim settlement practice with respect to an insurance claim." Doc. 1-1 at 7.

Section 541.060(a) of the Texas Insurance Code prohibits engaging in unfair settlement practices by "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE § 541.060(a)(7). Plaintiff's allegation merely parrots this language without providing any factual enhancement. Again, Plaintiff's factual allegations impute only to Spinnaker an obligation to pay the claim. Based on Plaintiff's scant allegations, Scott's actions as the claim investigator are, at most, germane to the issue of whether *Spinnaker* refused to pay the claim in violation of the statute and is thus liable. Stated differently, Plaintiff pleads no facts from which the Court can reasonably predict that Scott, by closing the claim, is subject to liability under the statute for Spinnaker's alleged failure to pay the claim. See *Smallwood*, 385 F.3d at 573.

7

Plaintiff also cites in support of remand a paragraph that attributes improper conduct to both Spinnaker and Scott:

> Defendants Spinnaker and Scott refused to meet Plaintiff's general contractor at the property to reconcile the differences in the estimates, failed to acknowledge with reasonable promptness pertinent communications with respect to the claim, and failed to respond promptly to a request by Plaintiff for personal contact about or review of the claim in violation of 28 TAC §21.203 of the Administrative Code.

Doc. 7 at 5 (quoting Doc. 1-1 at 13). Plaintiff's failure to allege actionable conduct specifically attributable to Scott, as opposed to both Defendants generally, further underscores that the petition provides no basis on which this Court can glean that a reasonable possibility of recovery from Scott exists under state law. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating that the plaintiff "has alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned sections [of the Insurance Code]"); *Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 WL 2300331, at *4 (S.D. Tex. Feb.20, 2007) (ruling that a petition alleging violations of the Insurance Code by both the insurer and the adjuster "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster]").

8

## V. CONCLUSION

For the reasons stated here, *Plaintiff's Motion to Remand*, Doc. 7, should be **DENIED**.[4]

**SO RECOMMENDED** on December 21, 2023.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[4] Plaintiff does not argue that his third or fourth causes of action (breach of the duty of good faith and fair dealing and breach of the Prompt Payment of Claims Act, respectively) form a basis for Scott's liability. Thus, any such argument is waived. The Court nevertheless reviewed these causes of action in light of Plaintiff's failure to differentiate his claims by Defendant and determines that they provide no reasonable basis to predict Scott's liability for largely the same reasons as the claims specifically addressed herein. *See Smallwood*, 385 F.3d at 573.