IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOHN LOTULEILEI**, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:23-CV-1980-L (BK)** |
| § | |
| **SPINNAKER INSURANCE COMPANY** § | |
| **and BRIDGETT SCOTT,** § | |
| § | |
| Defendants. § | |

## ORDER

On December 21, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge Renee Toliver (Doc. 18) ("Report") was entered, recommending that the court should **deny** Plaintiff John Lotuleilei's ("Plaintiff") Motion to Remand ("Motion") (Doc. 17) based on its determination that nondiverse Defendant Bridget Scott ("Ms. Scott") was improperly joined. No objections were filed, and the deadline to do so has expired.

In March 2022, Plaintiff made a $98,464.74 claim under his homeowners' policy issued by Defendant Spinnaker Insurance Company ("Spinnaker Insurance"). Doc. 1-1 at 7. Spinnaker Insurance assigned Ms. Scott to investigate the claim. Doc. 1-1 at 7. After Plaintiff's claim was dismissed, Plaintiff sued Spinnaker Insurance and Ms. Scott in state court for "(1) breach of contract; (2) unfair or deceptive acts or trade practices under Section 541 of the Texas Insurance Code; (3) breach of the duty of good faith and fair dealing; and (4) breach of the Prompt Payment of Claims Act." Report 2 (citing Doc. 1-1 at 8-16). After Plaintiff served Spinnaker Insurance—but before Plaintiff served Ms. Scott—it removed this action based on diversity jurisdiction under 28 U.S.C. § 1332, "contending that it is an Illinois citizen, Plaintiff is a Texas citizen, and that

[Ms.] Scott, also a Texas citizen, is improperly joined." *Id.* (citing Doc. 1). Plaintiff then filed its Motion.

The Report concludes that Plaintiff's factual allegations "offer no reasonable basis that would allow the [c]ourt to predict that [Ms.] Scott entered into, let alone breached, any contract with Plaintiff," or that her actions as the investigator subject her to liability under Section 541 of the Texas Insurance Code. *Id.* at 5, 7. Therefore, there is "no reasonable possibility that Plaintiff can recover from [Ms.] Scott" based on the petition's formulaic and conclusory allegations. *Id.* at 6. Accordingly, Ms. Scott was improperly joined.

After reviewing the Motion, response, Report, pleadings, file, record, and applicable law, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Therefore, the court **concludes** that Ms. Scott was improperly joined, **disregards** her Texas citizenship, and **determines** that it has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. Accordingly, the court **denies** Plaintiff's Motions, and **dismisses with prejudice** all of his claims asserted against Ms. Scott.

**It is so ordered** this 26th day of February, 2024.

Sam A. Lindsay
United States District Judge