IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN LOTULEIEI,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:23-CV-1980-L** |
| | § | |
| **SPINNAKER INSURANCE** | § | |
| **COMPANY AND BRIDGET SCOTT,** | § | |
| | § | |
| | § | |
| Defendants**.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants' Bridgett Scott ("Ms. Scott") and Spinnaker Insurance Company's ("Spinnaker") (collectively, "Defendants") Motion for Summary Judgment ("Defendants' Motion") (Doc. 22), filed on June 17, 2024; Plaintiff John Lotuleiei's ("Plaintiff" or "Mr. Lotuleiei") Response to Defendants Motion for Summary Judgment (Doc. 25.), filed on July 8, 2024; Defendants' Reply to Plaintiff's Response (Doc. 28), filed on July 16, 2024; and Defendants' Objection to Plaintiff's Summary Judgment Response Evidence ("Objections")(Doc. 30), filed on July 16, 2024.

Having considered Defendants' Motion, the response, reply, Objections, record, and applicable law, the court **determines** that no genuine dispute of material fact exists with respect to Plaintiff's claims for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code and the Deceptive Trade Practices Act ("DTPA"). Defendants' are, therefore, entitled to judgment as a matter of law on these claims. Accordingly, the court **grants** Defendants' Motion (Doc. 22) with respect to Plaintiff's claims for breach of the duty of good faith and fair

Memorandum Opinion and Order – Page 1

dealing and alleged violations of the Texas Insurance Code and DTPA, and it **denies** summary judgment with respect to Plaintiff's claims for breach of contract and breach of the Prompt Payment of Claims Act. Further, Plaintiff has not requested leave to amend his Complaint, and "[a] party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 387 (5th Cir. 2003). The court, therefore, **determines** that he has pleaded his best case, and his claims for breach of the duty of good faith and fair dealing and alleged violations of the Texas Insurance Code and DTPA are **dismissed with prejudice**.

## I.     Background

This civil action stems from a disputed insurance claim. In March 2022, Plaintiff made a claim under his Homeowners' Policy issued by Spinnaker for water damage to his home caused by a plumbing leak (Doc. 1). Spinnaker assigned Ms. Scott to investigate the claim. *Id.* After an investigation, Ms. Scott closed the claim. *Id.* Plaintiff reported a claim of $98,464.74 to Spinnaker. *Id.* at 8. After this claim was submitted and Ms. Scott completed her investigation, Spinnaker paid Plaintiff $15,268.56. Doc. 26 at 9.

On September 1, 2023, Plaintiff filed Plaintiff's Original Petition ("Petition") in the 192nd District Court, Dallas County, Texas, against Spinnaker and Ms. Scott for "(1) breach of contract; (2) unfair or deceptive acts or trade practices under Section 541 of the Texas Insurance Code; (3) breach of the duty of good faith and fair dealing; and (4) breach of the Prompt Payment of Claims Act." Report 2 (citing Doc. 1-1 at 8-16). After Spinnaker was served, but before Ms. Scott was served, Spinnaker removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

II.      **Defendants' Summary Judgment Evidence**

In support of their Motion, Defendants submitted and rely on the following evidence:

Exhibit A – Plaintiff's Original Petition

Exhibit B – Homeowners' Policy issued to John Lotuleiei by Spinnaker Insurance Company

Exhibit C – Check No. 207831 dated July 22, 2022 in the amount of $15,268.56, paid to John

Lotuleiei under claim number HOM-0004028

Exhibit D – Court's Scheduling Order

III.     **Summary Judgment Motion Standard**

Summary judgment shall be granted when the record shows that there is no genuine dispute

as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas

Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine"

if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary

judgment, the court is required to view all facts and inferences in the light most favorable to the

nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v.

Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make

credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-

55.

Once the moving party has made an initial showing that there is no evidence to support the

nonmoving party's case, the party opposing the motion must come forward with competent

summary judgment evidence of the existence of a genuine dispute of material fact.  *Matsushita*

*Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).  Mere conclusory allegations are not competent summary judgment evidence and, thus, are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.  *Ragas*, 136 F.3d at 458.  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Id*.; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992).  "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion.  *Id*.  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

IV.    **Analysis**

A. Breach of Contract

In Defendants' Motion, they assert that Plaintiff failed to designate an expert witness on the issue of property damages with reasonable certainty. Defendant argues that expert testimony is necessary to establish the amount of the alleged damages, and without it, Plaintiff cannot meet its burden of proof. Defs.' Summ. J. Br. 5 (citing *Hardware Dealers Mut. Ins. Co. v. Berglund*, 393 S.W.2d 309 (Tex. 1965) (holding that the burden of producing evidence that insureds' losses were not attributable to excluded hazards rested on the insured) (citations omitted)). This is immaterial to the summary judgment analysis because Defendants do not allege that there are no damages. Instead, they allege that the amount is not certain, which can be proved without an expert.

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (internal quotation marks omitted).

Defendants do not address the elements of the claim. Instead, they assert an expert is necessary to determine damages. With respect to the elements for breach of contract, neither Plaintiff nor Defendants dispute the existence of a valid contract between them; nor do they dispute performance. Further, the parties do not dispute that the damage to Plaintiff's home is a result of a plumbing leak, which is covered by his Homeowners Insurance Policy ("Policy"). Also, the parties do not dispute that Mr. Lotuleiei was entitled to receive the payment of $15,268.56 that he received. Plaintiff's contention is that Spinnaker breached the loss settlement clause in the Policy when Ms. Scott denied his claim. Mr. Lotuleiei further asserts that the Policy requires payment within 60 days of notice of the claim, which Defendants did not meet. *See* Pl's. Pet. at 5-6. He

contends that he is entitled to the entire amount of actual damage.  In support of his claim for damages of $98,464.74, Mr. Lotuleiei submitted a quote detailing the estimated costs of repair. Pl.'s App., Doc. 27 at 14.

Further, Plaintiff contends that expert testimony is not mandatory to prove breach of contract in Texas. Doc 25 at 2 (citation omitted). The court agrees. Texas law does not support Defendants' argument because expert testimony is not necessary to determine damages. *See Alexander v. Turtur & Assocs.,* 146 S.W.3d 113, 119-20 (Tex. 2004).  Whether expert testimony is necessary to prove a matter or theory is a question of law. *Id.* Expert testimony is required when an issue involves matters beyond a juror's common understanding. *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 583 (Tex. 2006) (citation omitted). "In situations involving damage to structures . . . the cause of the damage can be prove[d] by lay testimony, usually from homeowners." *Seitel Data, Ltd. v. Simmons*, 362 S.W.3d 782, 790 (Tex. App.—Texarkana 2012, no pet*.*). "Jurors are not blank slates, and can be expected to bring both intelligence, knowledge, and the power to reason logically to the table." *Id.* at 793. As a result, lay witness testimony can be sufficient to determine damages.

Moreover, the undisputed facts show that there was damage to Plaintiffs property caused by plumbing issues. Further, Plaintiff has provided evidence to show the damage and the estimated costs as a result. There is no summary judgment evidence that Plaintiff's damage assessment is insufficient or inaccurate. Further, Defendants incorrectly assert that Plaintiff must prove that the damages are within the scope of coverage, primarily because they are only disputing the amount of damages and the confirmation of that amount by an expert. Thus, the expert witness's confirmation is irrelevant to Defendants' Motion.

For the reasons stated herein, the court **denies** Defendants' Motion on its breach of contract claim because there are genuine issues of material fact. Defendants' Motion fails to establish that they are entitled to summary judgment on this claim as a matter of law.

B.  Breach of Duty of Good Faith and Fair Dealing

Defendants contend that Plaintiff's cause of action for breach of duty of good faith and fair dealing under Texas law fails as a matter of law because Plaintiff cannot establish a breach of contract claim, necessarily failing on a bad faith claim. Defs.' Summ. J. Br. 5.

In *Higginbotham v. State Farm Mutual Automobile  Insurance Company*, 103 F.3d 456 (5th Cir. 1997), the court explained as follows regarding the law applicable to claims for breach of good faith and fair dealing under Texas common law:

> Under Texas law, there is a duty on the part of the insurer to deal fairly and in good faith with an insured in the processing of claims. *Arnold v. National Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). A cause of action for breach of the duty of good faith and fair dealing exists when the insurer has no reasonable basis for denying or delaying payment of a claim or when the insurer fails to determine or delays in determining whether there is any reasonable basis for denial. *Id.* In order to sustain such a claim, the insured must establish the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim. *Aranda v. Ins[urance] Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988) [*overruled on other grounds by Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 433 (Tex. 2012)]). The insured must prove that there were no facts before the insurer which, if believed, would justify denial of the claim. *State Farm Lloyds Inc. v. Polasek*, 847 S.W.2d 279, 284 (Tex. App.—San Antonio 1992, writ denied). However, insurance carriers maintain the right to deny questionable claims without being subject to liability for an erroneous denial of the claim. *St. Paul Lloyd's Ins. v. Fong Chun Huang*, 808 S.W.2d 524, 526 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (citing *Aranda*, 748 S.W.2d at 213). A bona fide controversy is sufficient reason for failure of an insurer to make a prompt payment of a loss claim. *Id.* As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith. *Lyons v. Millers Cas[.] Ins[.],* 866 S.W.2d 597, 600 (Tex.1993).

*Higginbotham*, 103 F.3d at 459.  Thus, an insurer breaches its duty of good faith if it denies a claim when its liability has become reasonably clear. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).

Likewise, "[a]n insurance company may . . . breach its duty of good faith and fair dealing by failing to reasonably investigate a claim." *Wells v. Minnesota Life Ins. Co.*, 885 F.3d 885, 897 (5th Cir. 2018) (citation omitted). "[A]n insurer cannot insulate itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denial." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). An insurer, however, "does not have a duty to leave no stone unturned." *Id*. "The scope of the appropriate investigation will vary with the claim's nature and value and the complexity of the factual issues involved." *Simmons*, 963 S.W.2d at 44-45. Further, an insurer does not commit bad faith as a matter of law if it denies coverage following a reasonable investigation of the claim when it relies on experts retained to assist in assessing the claim. *See id.* In *Wells v. Minnesota Life Insurance Company*, the Fifth Circuit noted that some courts have held that "an insurer's reliance upon an expert report, standing alone, will not necessarily shield the carrier if there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable." *Wells v. Minnesota Life Ins. Co.,* 885 F.3d 885, 897 (5th Cir. 2018) (citation omitted).  The Fifth Circuit, nevertheless, affirmed summary judgment in favor of the insurer on the plaintiff's bad-faith claim because the medical expert's "opinion was not the only evidence that Minnesota Life had to stand on. In the light of Melton's medical record and the CDC, we hold that Minnesota Life had a reasonable basis for denying Gloria's claim[.]" *Id.*

Plaintiff asserts that there was no reasonable basis for denying full benefits for the roof claim. *See* Doc. 1-1 at 11 ¶ 45. Plaintiff further asserts that Spinnaker orchestrated the investigation

in a manner calculated to construct a pretextual basis for denial or underpayment of Plaintiff's claim. *See id.* at 11 ¶ 46. Finally, Plaintiff contends that Spinnaker knew or should have known there was no reasonable basis to delay because a reasonable insurer under similar circumstances would not have delayed or denied Plaintiff's claim. *See id.* at 11 ¶ 47.

The court disagrees with the Defendants' reasoning and their conclusion. Plaintiff has provided sufficient evidence to establish that Defendants lacked a reasonable basis for denying or delaying payment of the claim and that Defendants knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim. The court finds that Defendants are not entitled to judgment as a matter of law as to Plaintiff's cause of action for breach of duty of good faith and fair dealing under Texas law. Accordingly, the court **denies** Defendants' Motion as to this claim.

C. Unfair or Deceptive Acts or Trade Practices

Next, Defendants contend that because Plaintiff cannot establish a breach of the insurance contract, his claims for alleged violations of the Texas Insurance Code and DTPA also fail. Defs.' Summ. J. Br. 5. Under Texas law, an individual damaged by "unfair method[s] of competition or unfair or deceptive act[s] or practice[s] in the business of insurance" may bring a cause of action under the Insurance Code. Tex. Ins. Code Ann. § 541.151. "The prohibited conduct includes 'failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.'" *Performance Autoplex II Ltd. v. Mid–Continent Cas. Co.*, 322 F.3d 847, 860-61 (5th Cir. 2003) (quoting Tex. Ins. Code Ann. § 541.151). A violation of Chapter 541 of the Texas Insurance Code is also a violation of the DTPA. Tex. Bus. & Com. Code § 17.50(a)(4).

As this court has previously explained, "[t]he elements necessary to demonstrate the insurer's breach of the common law duty of good faith and fair dealing must be proved . . . to establish a statutory violation under the Insurance Code or the DTPA." *Fowler v. Peoples Benefit Life Ins. Co.*, No. 3:06-CV-1095, 2007 WL 2229053, at *7 (N.D. Tex. Aug. 3, 2007) (citing *Higginbotham*, 103 F.3d at 460); Thus, when, as here,

> an insured joins claims under the DTPA and the Texas Insurance Code with a bad faith claim and those DTPA and Insurance Code claims are based on the same theory which underlies the bad faith claim—namely, denial of policy benefits without a reasonable basis—then those DTPA and Insurance Code claims must fail if the bad faith claim fails.

*State Farm Fire & Cas. Co. v. Woods*, 925 F. Supp. 1174, 1180 (E.D. Tex. 1996), *aff'd*, 129 F.3d 607 (5th Cir. 1997) (citing *Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied).

In this case, Plaintiff asserts claims under sections 541.003, 541.051, 541.060, and 541.061 of the Texas Insurance Code and 28 TAC § 21.203 of the Administrative Code. Plaintiff asserts the following: (1) that Defendants mischaracterized the damage as water damage as preexisting, which was an untrue statement regarding a material fact (Doc. 1-1 at 7-8 ¶ 31); (2) that Defendants misrepresented the insurance policy as "all-risk" when it contained many exclusions (Doc. 1-1 at 8 ¶ 33); (3) that Defendants mischaracterized the extent and cause of water damage and failed to cover "direct physical loss" to the property (Doc. 1-1 at 8 ¶ 35); (4) that Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where its liability become reasonably clear (Doc. 1-1 at 9 ¶ 37); (5) Defendant also advertised goods or services with intent not to sell them as advertised in violation of the DTPA (Doc. 1-1 at 9 ¶ 38); and (6) Defendant violated the provisions of 28 TAC §21.203 of the Administrative Code when it delayed

payment of Plaintiff's claim and refused to respond to requests for information promptly (Doc. 1-1 at 9-10 ¶ 39).

First, section 541.061(1)-(3) provides that it is an unfair or deceptive act or practice to misrepresent an insurance policy by

> (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

Tex. Ins. Code § 541.051(1)-(3). Plaintiff's argument under this statute appears to be that Defendant falsely stated that the water damage to his home was preexisting and that the damage was caused by something other than water damage, which would constitute a misrepresentation. Plaintiff has provided evidence that shows Defendants characterized the damage as preexisting; however, it is not clear to the court whether this was a misrepresentation. *See* Pl's. App. 208, 212, 219, 224.

Second, section 541.051(1)(A) prohibits "mak[ing], issu[ing], or circulat[ing] or caus[ing] to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued" the terms of the policy. Tex. Ins. Code § 541.051(1)(A). Plaintiff contends that Defendants violated this provision when it mischaracterized the policy as "all-risk" when it contained a litany of exclusions. Plaintiff has not provided sufficient evidence to show that the Policy was "all-risk." Instead, what Plaintiff has shown is that there is a factual dispute as to what the Policy covers, not that there was an actual misrepresentation. Plaintiff's allegations do not "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564-65 (5th Cir. 2002).

Section 541.060 provides that it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in any of the unfair settlement practices with respect to a claim by an insured or beneficiary. The seven relevant provisions of section 541.060 that Plaintiff cites provide (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where the insurer's liability has become reasonably clear; (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim or offer of compromise settlement; (4) failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights letter; and (7) refusing to pay a claim without conducting a reasonable investigation. Tex. Ins. Code Ann. § 541.060(a)(1)-(7).

Plaintiff contends that Defendants violated section 541.060(a)(1) when they promised to cover direct physical loss and failed to do so. He does not cite who made this promise or provide any evidence to show the existence of the alleged promise. Further, this contention is not supported with evidence, and "conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Products, Inc.* 44 F.3d 308, 312 (5th Cir. 1995).

Further, Mr. Lotuleiei contends that Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when its liability became reasonably clear in violation of section 541.060(a)(2). Whether Defendants liability had become reasonably clear must be judged by the facts before the insurer at the time the claim was denied. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995) (citation omitted). The evidence shows that on July 22, 2022, Spinnaker paid a check in the amount of $15,268.56 to Plaintiff for his damages claim, which

**Memorandum Opinion and Order – Page 12**

resulted from a plumbing leak. Spinnaker assessed the damage, adjusted the loss, and paid $15,268.56, which demonstrates its acknowledgment of liability to Plaintiff for the damages. Plaintiff, however, has not shown how this payment was not prompt, fair, or equitable. He provides a quote from a contractor, which is identified as greater than the amount paid, but he does not establish how Defendants did not provide a prompt, fair, or equitable settlement.

Fifth, Plaintiff contends that Defendants advertised goods or services with intent not to sell them as advertised in violation of the DTPA. He contends that Defendants promised to cover "direct physical loss" to the property and never intended to do so. Plaintiff does not provide any evidence supporting his claim that Spinnaker advertised any good or service with the intent not to sell them as advertised. Plaintiff makes a conclusory statement, and conclusory allegations alone are not competent summary judgment evidence. *Duffy,* 44 F.3d at 312.

Finally, section 21.203(2) states that no insurer may engage in unfair settlement practices, which means "failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies, provided that 'pertinent communications' will exclude written communications that are direct responses to specific inquiries made by the insurer after initial report of a claim." For the reasons stated in regard to Plaintiff's section 541.060(a)(2) claim, this claim also fails.

Plaintiff does not provide competent summary judgment evidence to support his claims under the DTPA and Texas Insurance Code. Defendants are, therefore, entitled to judgment as a matter of law. Accordingly, the court **grants** Defendants' Motion as to Plaintiff's Unfair or DPTA claims.

D. <u>Breach of The Prompt Payment of Claims Act</u>

Defendants contend they are entitled to summary judgment because there was no breach

of insurance contract; thus, they could not have violated the Insurance Code.

Section 542.056 provides:

> (a) Except as provided by Subsection (b) or (d), an insurer shall notify a claimant
> in writing of the acceptance or rejection of a claim not later than the 15th business
> day after the date the insurer receives all items, statements, and forms required by
> the insurer to secure final proof of loss.
> (c) If the insurer rejects the claim, the notice required by Subsection (a) or (b) must
> state the reasons for the rejection.

Tex. Ins. Code Ann. § 542.056(a), (c). To prevail on a claim under this statute, Plaintiff must

establish (1) the amount for which Defendants is contractually liable under the Policy; (2) that

Defendants failed to comply with statutory deadlines; and (3) statutory damages based on the

amount contractually owed less the amounts paid within the statutory deadline. *Hinojos v. State*

*Farm Lloyds,* 619 S.W.3d 651, 658-59 (Tex. 2021).

> Plaintiff asserts the following:

> 49. Spinnaker failed to notify Plaintiff in writing of the acceptance or rejection of
> his contents and storage claim, including the reasons for the rejection.
> 50. Spinnaker failed to provide a reasonable explanation of the basis in the policy,
> in relation to the facts or applicable law, for Spinnaker's denial of Plaintiff's claim
> and failed within a reasonable time to affirm or deny coverage of Plaintiff's claim.
> 51. Spinnaker failed to acknowledge with reasonable promptness pertinent
> communications with respect to claims arising under its policies and failed to
> respond promptly to a request by Plaintiff for personal contact about or review of
> the claim.

Pl's. Pet. at 11 ¶¶ 49-51. With respect to this claim, Plaintiff, in addition to his claims for damages,

contends that he is entitled to the entire amount to restore his home to the same position before the

loss plus, 18% penalty interest per annum on the amount unreasonably withheld, together with

reasonable attorney's fees as set forth in § 542.060 of the Texas Insurance Code.  Pl's. Pet. at 12

¶ 52.

The court agrees. The undisputed facts show that Plaintiff's home was insured by Spinnaker with coverage for the dwelling of up to $280,000. *See* Pl.'s App. 30; Doc. 27 at 33. Further, as stated earlier, Plaintiff provided Spinnaker with a copy of the construction estimate in the amount of $98,464.74 from Q Quality Construction. Pl.'s App. 16; Doc. 27 at 18. Moreover, Spinnaker paid a check to Plaintiff in the amount of $15,268.56 on July 22, 2022. Defs.' App. 141; Doc. 24 at 143. The difference between the estimate and the check paid to Plaintiff is $83,196.18, and Spinnaker has not provided evidence to address sufficiently his assertion that there was no accompanying response detailing why the remaining estimate amount was not paid.

Viewing the facts in the light most favorable to Plaintiff, the court determines that Plaintiff has provided sufficient evidence to give rise to a genuine dispute of material fact regarding the claims against Spinnaker. Further, Defendants fail to adequately address Plaintiff's evidence supporting his claim for breach of the Prompt Payments Act. Accordingly, the court **denies** Defendants' Motion on this claim.

## V.    Objections

On July 16, 2024, Defendants filed Objections to Plaintiff's Summary Judgment evidence. Defendants object to (1) Plaintiff's Exhibit 1, an unsworn declaration, citing Local Rule 11.1(d)(1), lack of personal knowledge of its authenticity, and its speculative nature and improper opinion; and (2) Plaintiffs Exhibit 2, the construction estimate, citing hearsay, lack of authenticity, and improper lay opinion. Defs.' Obj. 1-2.

### A.  Unsworn Declaration of Plaintiff

Defendants object to Plaintiffs Exhibit 1, an unsworn declaration, because the unsworn declaration contains an electronic signature, which they contend is prohibited by Local Rule 11.1(d)(1) and 28 U.S.C. §1746. Defs.' Obj. 1-2 ¶ 1. Defendants contend that *United States on*

*behalf of ACS All. Constr. Specialties, LLC v. Cueto Consulting & Constr., LLC,* supports their

conclusion. No. 6:20- CV-00658, 2023 WL 7037386, at *3 (W.D. Tex. Sept. 14, 2023). *Id.*

The court is unable to agree with either basis for Defendants' objection. In *ACS All. Constr.*

*Specialties, LLC,* the district court notes that the Sixth Circuit affirmed the holding of the district

court in the original case; however, the district court based its decision on their Local Rule and 28

U.S.C. § 1746.∗ Accordingly, this objection is **overruled.**

Next, the Defendants object to paragraph 2 of the Exhibit, which states:

> 1. I immediately reported a $98,464.74 claim to Spinnaker, my insurance
>    company. A true copy of the Q Quality Construction estimate is attached
>    along with photos of the damage and mitigation efforts as Exhibits 2
>    and 3 respectively. The documents attached to this declaration as
>    Exhibits 2 and 3 respectively are true copies of reports and photos
>    reflecting the work performed by Q Quality Construction on my behalf.
>    The records were made at or near the time of each act, event, condition,
>    opinion, or diagnosis set forth. The records were kept in the course of
>    regularly conducted business activity. It is my regular practice to keep
>    this type of record in the course of regularly conducted business activity.
>    The records attached to this declaration are the originals or exact
>    duplicates of the originals.

Pl's. Decl. at 1 ¶ 2.

As this court has held before, exhibits do not need to be authenticated at the summary

judgment stage of the proceedings. "'At the summary judgment stage, evidence need not be

authenticated or otherwise presented in an admissible form.'" *Tompkins v. Amarillo College*, No.

2:19-cv-27-Z-BR, 2021 WL 9880852, at *1 (N.D. Tex. Feb. 5, 2021) (quoting *Maurer v. Indep.*

*Town*, 870 F.3d 530, 534 (5th Cir. 2017)). It only needs to be "presented in a form that would be

admissible in evidence." *Id*. (citations and internal quotation marks omitted).

---

∗ The Western District of Kentucky prohibits parties from using electronic signatures. Only users with court-issued logins and passwords can use an electronic signature. *See Lambert v. Lowe's Home Centers, LLC,* No. 1:14-cv-107, 2016 WL 6123239, at *3 (W.D. Ky. Oct. 19, 2016) (only credentialed attorneys, and not parties, may use electronic signatures under the local rules). The Northern District of Texas does not have the same rule. Defendants incorrectly use this District's Local Rule 11.1(d)(1) and incorrectly interpret the Sixth Circuit's holding.

**Memorandum Opinion and Order – Page 16**

"This flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record." *Id.* (quoting *Maurer*, 870 F.3d at 384). Defendants do not assert that any of these documents cannot be presented in a form that would be admissible at trial—instead, Defendants only assert that they have not yet been authenticated at the summary judgment stage.

Further, Federal Rule of Civil Procedure 56(c) requires that an affidavit or declaration used to support or oppose a motion for summary judgment (1) be made on personal knowledge, (2) set forth facts that would be admissible in evidence, and (3) show affirmatively that the affiant is competent to testify to the matters stated. *See* Fed. R. Civ. P. 56(c)(4). Declarations asserting personal knowledge must include enough factual support to show that the declarant possesses that knowledge. *See Amie v. El Paso Indep. Sch. Dist.*, 253 F. App. 447, 451 (5th Cir. 2017). A statement is not within a declarant's personal knowledge if the statement is based on information and belief. *See Pem-Air Turbine Engine Servs. LLC v. Gupta,* No. 3:21-CV-180-L-BN, 2024 WL 1317798, at *4 (N.D. Tex. Mar. 27, 2024) (citation omitted).

Plaintiff has provided sufficient evidence to testify to his personal knowledge of the damage done and the contract. Plaintiff met with the contractor personally, included pictures of the damage in his Petition and appendix, and a detailed quote from the contractor.

Accordingly, Defendants' second objection is **overruled.**

Third, Defendants object to additional damages and living expenses that were attested as improper lay opinion because it was not identified in disclosures. For the reasons stated above and in previous sections, Plaintiff does not need to show the foundation to the authenticity. Instead, he

only needs to show that this evidence is presented in a form that would be admissible in evidence. Further, Plaintiff has shown evidence sufficient to establish personal knowledge.

Accordingly, Defendants' objection is **overruled.**

### B. Construction Estimate

Finally, Defendants object to Exhibit 2 as hearsay, lack of authenticity, and an improper lay opinion. In the same vein as Defendants' objection to the authenticity and opinion above, these arguments fail.

Hearsay in an affidavit or declaration used to support or oppose a summary judgment motion is inadmissible. *See Floyd's v. Chilly's L.L.C. of Alabama*, Civil Action No. 15-00544-BAJ-RLB, 2017 WL 1455024, at *4 (M.D. La. Apr. 21, 2017) (citing *Fowler v. Smith*, 63 F.3d 124, 126 (5th Cir. 1995)). Hearsay evidence is evidence used to prove the truth of the matter asserted. *See* Fed. R. Evid. 801. How the statement is used is determinative of whether it is hearsay.

Defendants assert that the Q Quality Construction Estimate is hearsay; however, neither Plaintiff nor Defendants address the reason this is hearsay. Taken for its truth value, Plaintiff would be offering this exhibit to show the cost of repairing the damage, which is inadmissible without an exception or as an exclusion to hearsay. The hearsay objections to Exhibit 2 are **sustained** to the extent that they are offered to prove the truth of the matter asserted but **overruled** insofar as they are admissible for a different reason.

## VI.    Conclusion

For the reasons explained, no genuine dispute of material fact exists with respect to Plaintiff's claims for breach of the duty of good faith and fair dealing and alleged violations of the Texas Insurance Code and DTPA.  Defendants are, therefore, entitled to judgment as a matter of law on these claims. Accordingly, the court **grants** summary judgment on Plaintiff's claims for

breach of the duty of good faith and fair dealing, and alleged violations of the Texas Insurance Code and DTPA. The court **denies** summary judgment as to Plaintiff's claims for breach of contract and breach of the Prompt Payment of Claims Act. Further, Plaintiff has not requested leave to amend his Complaint, and "[a] party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 387 (5th Cir. 2003). The court, therefore, **determines** that he has pleaded his best case, and his claims for breach of the duty of good faith and fair dealing and alleged violations of the Texas Insurance Code and DTPA are **dismissed with prejudice**. Plaintiff's claims for breach of contract and breach of the Prompt Payment of Claims Act are the only two remaining claims in this case.

Now that the court has ruled, the parties are in a better position to assess the strengths and weaknesses of their respective claims and defenses that remain. Neither side is "out of the woods." Given the current posture of the case, the court believes that the parties should seriously consider resolving this action without further court involvement; however, to minimize costs, the court is willing to refer this action to a magistrate judge solely for settlement purposes. If the parties desire the court to refer this action to United States Magistrate Judge Renee Toliver to conduct a settlement or mediation conference, they must so inform the court by **5:00 p.m., April 14, 2025.**

**It is so ordered** this 31st day of March, 2025.

Sam A. Lindsay
United States District Judge